THOMAS GORMAN, APPELLANT, V. JOHN BRATKA, APPELLEE.

300 N. W. 807

FILED NOVEMBER 21, 1941. No. 31062.

*David O. Mathews,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

PAINE, J.

The original opinion in this case is found in 139 Neb. 718, 298 N. W. 691, in which the cause was remanded for a new trial.

In the motion for a rehearing, it is argued at length that there was no error in the refusal of the trial court to admit the written statement of the defendant, John Bratka, in evidence.

The record shows that, at about noon of the same day on which the automobile collision had occurred about 9:30 a. m., the defendant, Bratka, went to the office of Al Hummel, an insurance agent, in the Keeline building, Omaha, and sat in a chair next to Mr. Hummel, who took down the statement on a typewriter, making carbon copies, and the entire statement makes a long page of typewriting, each paragraph being single-spaced.

Mr. Bratka testified that Mr. Hummel would ask him some questions, and then he would write, and when it was completed Mr. Hummel read it to him, and then he signed the statement, and admits his signature on the bottom of exhibit No. 15. Near the end of this statement appear the words, "I have read the above report and it is true and correct." This is followed by the sentence, "Correction: My son was riding in the rear seat with my sister-in-law instead of the front seat as mentioned above," showing a very minor correction in the interest of accuracy, for Bratka had first told Mr. Hummel to write that his son, John D., aged three, was in the front seat with him and his wife, and below this correction is repeated the statement just above his signature, "I have read the above report and it is true and correct." Then follows his admitted signature.

On cross-examination, Mr. Bratka strenuously denied that

he had made the statement therein reading: "All of a sudden I collided with a car which was going north on 60th street. I did not see this car until we collided. I could not say how fast this car was going since I did not see it until we collided." He also denied one or two other statements therein.

An examination of exhibit No. 15, with the knowledge possessed by any one familiar with typewriting, would be convincing that this disputed statement could not have been interpolated in a single-spaced typewritten statement after he had signed it, for it is complete and regular and properly spaced.

However, it was held in the case of *Moore v. Krejci*, 139 Neb. 562, 297 N. W. 913: "A written statement, purportedly given by the plaintiff to an action and offered for the purpose of impeachment, is not admissible in evidence without a proper foundation."

The defendant having denied that the written statement was in the form in which he gave it, the district judge was justified in refusing its submission until further foundation had been laid.

The opinion heretofore rendered is modified by this supplemental opinion to that extent, and the proper rule is stated: That if a party to a suit makes a written statement which is prepared by a third person, where the party denies the authenticity and correctness of the instrument, the party preparing the instrument, or some one cognizant with the facts, should be called to lay a proper foundation for its admission in evidence.

The balance of the opinion, holding that the owner of the automobile was but a guest of the bailee driver, and that the plaintiff had no control over it after the bailment took place, and the driver's negligence could not be imputed to the plaintiff, states the law correctly, and sustains the reversal of the case, which is remanded for a new trial, as in the original opinion.

FORMER OPINION ADHERED TO.